# COMPLAINT FOR MANDAMUS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| ROHITKUMAR KHODABHAI PATEL | ) | |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR A |
| | ) | WRIT IN THE |
| | ) | NATURE OF A |
| | ) | MANDAMUS |
| -against- | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, Secretary of | ) | |
| Department of Homeland Security, | ) | |
| MERRICK GARLAND, Attorney General | ) | |
| of the United States, TRACY RENAUD, | ) | |
| Senior Official Performing Duties of the | ) | |
| Director for USCIS, DIRECTOR, Vermont Service | ) | |
| Center for USCIS, and The United States of | ) | |
| America. | ) | |
| Defendants. | ) | |

## COMPLAINT FOR MANDAMUS

Comes now Plaintiff, Rohitkumar Khodabhai Patel ("Plaintiff"), by and through his attorney, Bhavya Chaudhary, and pleads as follows:

## I.    INTRODUCTION

1.    This is an individual action for mandamus. It seeks to compel Defendants to grant Plaintiff his U-1 Nonimmigrant Visa Status and provide them with the benefits of a nonimmigrant visa holder. Plaintiff was a victim of a serious crime on February 21, 2016, in Knoxville, Tennessee. Plaintiff cooperated with the Knoxville Police Department in the investigation of the crime. About six years ago, in 2016, Plaintiff submitted an application for a special nonimmigrant

status commonly called the "U Visa." *See* **Exhibit 1**, Receipt notice. They have complied with all statutory and regulatory requirements for this special nonimmigrant status.

2.        Plaintiff brings this action to obtain an order compelling the immigration agency, U.S. Citizenship and Immigration Services ("USCIS"), to issue a decision on his U Visa application.

## II.    JURISDICTION

3.        This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act ("INA"), and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

## III.    VENUE

4.        Pursuant to 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff has an address in Reidsville, Georgia and Defendants, being sued in their official capacity, are agents of the United States. The Department of Homeland Security, Attorney General of the U.S., USCIS, and Vermont Service Center do business in this District.

## IV.    PARTIES

5.        Plaintiff is a native and citizens of India. His wife was a victim of a serious crime, fully cooperated with the Chattanooga Police Department. They have sought nonimmigrant status under INA § 101(a)(15)(U)(i), commonly called the U Visa program. The Plaintiff's address is 115 Rabun Ave, Reidsville GA 30453.

6.      Defendant Alejandro Mayorkas is the duly appointed acting Secretary of Homeland Security and is the Head of the U.S. Department of Homeland Security ("DHS") and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

7.      Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S. Department of Justice ("DOJ"). He shares responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

8.      Defendant Tracy Renaud is Senior Official performing Duties of the Director for the U.S. Citizenship and Immigration Services, a component of DHS. In that capacity, she has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of applications for U nonimmigrant status. She is being sued in her official capacity.

9.      The Director of the USCIS Vermont Service Center in Essex Junction, Vermont exercises authority over USCIS activities related to U nonimmigrant applications. They are being sued in their official capacity.

**VI. LEGAL FRAMEWORK**

**A.  The U Visa Program, INA § 101(a)(15)(U)**

10.      On October 28, 2000, Congress created the U Visa program. *See* Victims of Trafficking and Violence Prevention Act of 2000 ("VTVPA"), Pub. L. No. 106-386, Title V, § 1513, 114 Stat. 1464, 1533 (2000).

11.      Concerned that "[i]mmigrants are often targeted to be victims of crimes committed against them in the United States" and that all "who are victims of these crimes committed against them in the United States must be able to report these crimes to law enforcement and fully participate in the investigation of the crimes[,]" Congress acted to establish the U Visa program

in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." See VTVPA § 1513(a), 114 Stat. 1533.

12.     The U Visa program creates a system for noncitizen victims of serious crimes to safely engage law enforcement and, similarly, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of the United States and its people.

13.     The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute serious crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue to obtain their immigrant status, the U Visa encourages victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants. See, e.g., U and T Visa Law Enforcement Resource Guide, DEPARTMENT OF HOMELAND SECURITY (January 4, 2016) https://www.dhs.gov/sites/default/files/publications/Uand-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf.

14.     A noncitizen is eligible for status under the U Visa program if (1) he suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) he possesses or possessed information concerning the criminal activity; (3) he has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4)

the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. See INA § 101(a)(15)(U).

15.     A statutory cap limits the grant of U Visas to 10,000 per fiscal year. INA § 214(p)(2)(A). See INA § 214(p)(2)(A); 8 C.F.R. § 214.14(d)(1). The statutory cap only applies to principal applicants and does not apply to derivative applicants. INA § 214(p)(2)(B).

16.     A wait list was created by regulation to provide deferred action to a petitioner who is eligible whenever the statutory cap is reached within a given fiscal year. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)). Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

### B.  The U Visa Administrative Process

17.     The administrative processing to accord U nonimmigrant status to eligible petitioners is tightly prescribed and regulated.

18.     First, a petitioner must obtain a certification from a Law Enforcement Agency ('LEA') that he was the victim of a crime, the crime is a recognized crime under the U Visa program, and that he was, is or likely to be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular Form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification. See 8 C.F.R. § 214.14(a)(12).

19.     Second, on submission, USCIS makes a completeness check to verify that all required initial evidence is present. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; Form I-192, Application for Advance Permission to Enter as Nonimmigrant, if there are any inadmissibility issues; a personal statement describing the criminal activity of which the applicant was a victim; and evidence to establish each eligibility requirement.

20.     Third, USCIS adjudicates the petition by granting U-nonimmigrant status (if the statutory cap of 10,000 has not been reached) or, in most cases, places the petitioner on the waitlist status known as 'deferred Action status' pending availability of statutory cap. *See 8 C.F.R. § 214.14(d)(2).*

21.     If the statutory cap has been reached, USCIS must place the petitioner on the waiting list until an adjudication can be made. *8 C.F.R. § 214.14(d)* ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement.").

22.     Once the individual has been granted deferred action, he or she may apply for and receive employment authorization by submitting Form I-765.

**C.  Bona Fide Screening**

23.     Congress granted USCIS the authority to grant work authorization for petitioners with pending, bona fide applications. INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").

24.     A bona fide application means an application where there appears to be no instance of fraud in the application and where the application is complete, properly filed, contains an LEA

endorsement, includes completed fingerprint and background checks, and presents prima facie evidence to show eligibility for U nonimmigrant status. See, e.g., 8 C.F.R. § 214.11(k) (defining "bona fide" for related statutory nonimmigrant program).

## VII. PLAINTIFF'S VICTIMIZATION

25.     Plaintiff is a citizen of India.

26.     Plaintiff, Rohitkumar K. Patel, was born on 1973. He has lived in the United States since 2015.

27.     On February 21, 2016, Plaintiff was working at a Raceway Gas Station located at 4418 Western Avenue Knoxville, TN. Around 8:30 PM that night, a man walked in pretending to be a customer. He came to register to buy a bottled soda. He gave two cards to purchase the soda but both cards declined. The man then started shouting and then he pulled out a gun and pointed it at Plaintiff.  He ordered the Plaintiff to give him the money form the register.

28.     Plaintiff suffered from substantial physical and mental trauma and has not been the same since the incident. He suffers from anxiety and Post Traumatic Stress Disorder and is unable to live life normally as he did prior to the incident.

## VIII. LAW ENFORCEMENT COOPERATION, INVESTIGATION

29.     Plaintiff was in a state of shock but managed to call the police.

30.     He fully cooperated with the responding officers. He answered all their questions. *See* **Exhibit 2**, I-918, Supplement B, U Nonimmigrant Status Certification.

31.     Plaintiff assured the police that he would continue to assist their department with the investigation and assist the District Attorney's office when the time arose.

32.     He has never refused or failed to help the police and is still willing to help them in any future investigations.

## IX. THE APPLICATION FOR U NONIMMIGANT STATUS

33.     Plaintiff sought U Nonimmigrant status to better protect his family. Having deferred action or U nonimmigrant status will create a more secure and certain future for him because he will not have to fear being potentially removed from the U.S.

34.     The Knoxville Police Department certified that Plaintiff was helpful in the investigation. *See* again **Exhibit 2**.

35.     On or around August 29, 2016, Plaintiff submitted a complete and substantively approvable application for U nonimmigrant status to USCIS Vermont Service Center. 8 C.F.R. § 214.14(c)(1).

36.     There is no evidence of fraud in the application and Plaintiff's attached compelling evidence showing eligibility for U nonimmigrant status.

37.     On or around September 1, 2016, USCIS received the application at the Vermont Service Center. *See* again, **Exhibit 1**.

38.     USCIS will only issue Receipt Notices for petitions that are complete.

## X. AN UNREASONABLE DELAY

39.     Over six years have elapsed since the filing of Plaintiff's complete and approvable application for U nonimmigrant status.

40.     Defendants have taken no action on the petition for Plaintiff's case although it was properly filed.

41.     Current processing times from the USCIS website states that 80% percent of the case are completed within 59 months or around five years. Plaintiff's U-visa Petition has been pending since 2016 or about six years. Our office has followed up with USCIS several times, but USCIS has failed to adjudicate his case. Our office routinely receives U Visa decisions or deferred

action status notices for cases filed after April or May of 2016. *See* **Exhibit 3**, USCIS Case Processing Time.

42.     The delay has harmed the Plaintiff. He has been harmed in his ability to maintain a livelihood and support his family. He is unable to obtain a driver's license or work authorization among other daily activities.

## XI. CLAIMS FOR RELIEF

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     The Mandamus Act, *28 U.S.C. § 1361*, grants authority to courts to compel defendants to perform a duty owed to plaintiffs.

45.     Defendants have a regulatory, ministerial obligation to place all eligible petitioners for U nonimmigrant status on the waiting list and/or approve their U visa. *8 USC §1101 (a)(15)(U); 8 C.F.R. § 214.14(d).*

46.     Defendants have a duty to grant Plaintiffs' U nonimmigrant status or place him on the waiting list.

47.     Defendants' failure to perform this duty for more than five and a half years violates the regulation.

## XII. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

(1) Declare that Defendants have a duty to grant Plaintiffs' U-1 Nonimmigrant status or place him on the waitlist and grant deferred action;

(2) Compel Defendants to perform their duty to decide on Plaintiffs' U application forthwith;

(3) Grant such other and further relief as this Court deems proper under the circumstance; and

(4) Award the Plaintiff his attorney's fees and costs of court pursuant to 28 U.S.C. 2412.

Dated: March 30, 2023
Norcross, Georgia

Respectfully submitted,

_____
Bhavya Chaudhary & Associates, LLC
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
bhavya@bcalawfirm.com

Counsel for Plaintiff

**<u>Certificate of Service</u>**

I hereby certify that on March __, 2023, I mailed by certified mail this Summons and Complaint for Mandamus to:


Alejandro Mayorkas, Secretary of DHS
Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Merrick Garland, Attorney General of the US
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Tracy Renaud, Senior Official Performing Duties of Director
U.S. Citizenship and Immigration Services
U.S Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, N.W. Room 4210
Washington, D.C. 20529-2120

Director Vermont Service Center
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, NW. Room 4210
Washington, D.C. 20529-2120

United States Attorney – Southern District of GA
22 Barnard Street, Suite 300
Savannah, Georgia 31401

_Bhavya_

_____
Bhavya Chaudhary and Associates, LLC
GA Bar: 631104
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
Fax :(678) 261-0973
bhavya@bcalawfirm.com